CHRISTOPHER C. LARKIN (SBN 119950)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
E-Mail: clarkin@seyfarth.com

D. PETER HARVEY
MATTHEW A. STRATTON
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
E-Mail: pharvey@harveysiskind.com

Attorneys for Defendant and Counterclaimant
JACK DANIELS PROPERTIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| MARK ANTHONY INTERNATIONAL, SRL, a Barbados corporation, and AMERICAN VINTAGE BEVERAGE, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JACK DANIELS PROPERTIES, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 12-2105 RS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| JACK DANIELS PROPERTIES, INC., a Delaware corporation,<br><br>Counterclaimants,<br><br>v.<br><br>MARK ANTHONY INTERNATIONAL, SRL, a Barbados corporation, and AMERICAN VINTAGE BEVERAGE, INC., a Delaware corporation,<br><br>Counter Defendants. | |

Defendant Jack Daniel's Properties, Inc. ("JDPI") answers the complaint of plaintiffs Mark Anthony International, SRL ("Mark Anthony") and American Vintage Beverages, Inc. ("AVBI") (jointly "Plaintiffs" or "Counter-Defendants") and counterclaims as follows.

**ANSWER**

1. JDPI denies the allegations in paragraph 1 of the Complaint, except JDPI admits that JDPI has opposed registration of Mark Anthony's CAYMAN JACK mark, that JDPI has disputed Mark Anthony's right to use the CAYMAN JACK mark, and that Mark Anthony seeks a declaratory judgment of its right to use and register the CAYMAN JACK mark.

2. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and on that basis denies those allegations, except JDPI admits that it has objected to Mark Anthony's use and registration of the CAYMAN JACK mark, that there are some third-party alcoholic beverages that have been sold under composite marks containing "JACK" as part of the mark, and that JDPI has agreements with the owners of certain of those marks that restrict the use of those marks, and JDPI denies that it claims sole ownership of the word JACK in connection with the sale of any alcoholic beverage.

3. JDPI denies the allegations in paragraph 3 of the Complaint and avers that the products shown in paragraph 3 of the Complaint speak for themselves in terms of appearance and nature, that the CAYMAN JACK product is not a beer, and that Mark Anthony has applied to register the CAYMAN JACK mark in International Class 33, which does not include beer.

4. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and on that basis denies those allegations, except JDPI admits that the authenticity and historical heritage of JACK DANIEL'S whiskey produced in Lynchburg, Tennessee is a part of some of the marketing for that particular product, which is but one of an array of products on or in connection with which JDPI's marks are used.

5. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and on that basis denies those allegations, except JDPI admits that Mark Anthony seeks a declaration of the right to use and register the CAYMAN JACK mark.

6. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that basis denies those allegations.

7. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies those allegations.

8. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and on that basis denies those allegations.

9. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and on that basis denies those allegations.

10. JDPI denies the allegations in paragraph 10 of the Complaint, except JDPI admits that it is a Delaware corporation with its principal place of business at 4040 Civic Center Drive, Suite 528, San Rafael, California 94903 and that it licenses the use of the JACK DANIEL'S mark and other JACK formative marks on whiskey, liqueur, prepared alcoholic cocktails, and other ready-to-drink alcoholic ("RTD") beverages, including certain prepared alcoholic cocktails sold under the marks JACK DANIEL'S and JACK DANIEL'S COUNTRY COCKTAILS.

11. JDPI denies the allegations in paragraph 11 of the Complaint, except JDPI admits that there is subject matter jurisdiction over Plaintiffs' claim for a declaratory judgment and personal jurisdiction over JDPI because it resides in and does business in this Judicial District.

12. JDPI admits the allegations in paragraph 12 of the Complaint.

13. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies those allegations.

14. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and on that basis denies those allegations.

15. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint and on that basis denies those allegations.

16. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and on that basis denies those allegations.

17. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and on that basis denies those allegations.

18. JDPI denies the allegations in paragraph 18 of the Complaint, except JDPI admits that Mark Anthony filed Application Serial No. 77/850,939 in the United States Patent and Trademark Office ("PTO") on October 20, 2009 to register the mark CAYMAN JACK for flavored malt-based alcoholic beverages in the nature of beer and prepared alcoholic cocktails, and that the application was published for opposition following examination in the PTO.

19. JDPI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and on that basis denies those allegations, except JDPI admits that its marks co-exist with certain other JACK-formative marks, although it does not know the extent of any use of those marks.

20. JDPI admits the allegations in paragraph 20 of the Complaint.

21. JDPI denies the allegations in paragraph 21 of the Complaint, except JDPI admits that it filed suit against White Rock Distilleries, Inc. over its use of various JACK marks for flavored rums following the filing of an opposition to registration of the COCONUT JACK mark, that the case was settled on confidential terms, and that the CALICO JACK mark is registered under Registration No. 3,501,111.

22. JDPI denies the allegations in paragraph 22 of the Complaint, except JDPI admits that there have been some settlement discussions between JDPI and Mark Anthony.

## ANSWERING COUNT ONE

23. JDPI repeats its responses above to the allegations in paragraphs 1-22 of the Complaint in response to the allegations in paragraph 23 of the Complaint.

24. JDPI denies the allegations in paragraph 24 of the Complaint, except JDPI admits that JDPI has claimed that Mark Anthony's use of CAYMAN JACK constitutes infringement of JDPI's JACK DANIEL'S and other JACK marks and that an actual, present, and justiciable controversy exists between JDPI and Mark Anthony.

25. JDPI denies the allegations in paragraph 25 of the Complaint, except JDPI admits that Mark Anthony seeks a declaratory judgment, but avers that Mark Anthony is not entitled to the relief requested.

26. JDPI denies the allegations in paragraph 26 of the Complaint.

| | |
|---|---|
| 1 | 27. JDPI denies the allegations in paragraph 27 of the Complaint. |
| 2 | **ANSWERING COUNT TWO** |
| 3 | 28. JDPI repeats its responses above to the allegations in paragraphs 1-27 of the |
| 4 | Complaint in response to the allegations in paragraph 28 of the Complaint. |
| 5 | 29. JDPI admits the allegations in paragraph 29 of the Complaint. |
| 6 | 30. JDPI admits the allegations in paragraph 30 of the Complaint |
| 7 | 31. JDPI admits the allegations in paragraph 31 of the Complaint. |
| 8 | 32. JDPI denies the allegations in paragraph 32 of the Complaint. |
| 9 | 33. JDPI denies the allegations in paragraph 33 of the Complaint. |
| 10 | 34. JDPI denies the allegations in paragraph 34 of the Complaint. |
| 11 | **AFFIRMATIVE DEFENSES** |
| 12 | 1. Plaintiffs' complaint fails to state a claim upon which relief can be granted as to |
| 13 | AVBI. |
| 14 | 2. AVBI lacks standing to seek the relief sought in Plaintiffs' Complaint. |
| 15 | 3. The Court lacks jurisdiction to order the registration of the CAYMAN JACK |
| 16 | mark shown in Mark Anthony's Application Serial No. 77/850,939. |
| 17 | **COUNTERCLAIMS** |
| 18 | JDPI counterclaims against Mark Anthony and AVBI as follows: |
| 19 | 1. Counterclaimant JDPI is a corporation organized and existing under the laws of |
| 20 | the State of Delaware, with its principal place of business in San Rafael, California. JDPI is the |
| 21 | defendant in this action for a declaratory judgment. |
| 22 | 2. Counter-Defendant Mark Anthony alleges in its declaratory judgment Complaint |
| 23 | that it is a corporation organized and existing under the laws of Barbados, with its principal place |
| 24 | of business in Barbados. Counter-Defendant AVBI alleges in its declaratory judgment |
| 25 | Complaint that it is a corporation organized and existing under the laws of the State of Delaware, |
| 26 | with its principal place of business in Seattle, Washington. Counter-Defendants are the plaintiffs |
| 27 | in this action for a declaratory judgment. |
| 28 | |

3. JDPI incorporates by reference herein the allegations in Mark Anthony's and AVBI's Complaint and JDPI's responses and defenses above thereto.

## JURISDICTION

4. These counterclaims are for infringement of federally-registered trademarks, in violation of 15 U.S.C. § 1114(1); for unfair competition, in violation of 15 U.S.C. § 1125(a)(1); and for dilution, in violation of 15 U.S.C. § 1125(c). The Court has jurisdiction over the subject matter of JDPI's claims for relief pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

5. The Court has personal jurisdiction over Counter-Defendants because they initiated this action for a declaratory judgment in the State of California and thus subjected themselves to the jurisdiction and venue of this Court. Counter-Defendants have further alleged that venue is proper in this Court because JDPI resides in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### The JACK DANIEL'S and Other JACK Marks

6. From a time long prior to Counter-Defendants' acts of trademark infringement, unfair competition, and dilution complained of herein, JDPI and its predecessors-in-interest and licensees have used the mark JACK DANIEL'S in the United States in connection with whiskey, cordials, prepared alcoholic cocktails, liqueurs RTD alcoholic beverages, and other goods and services. The JACK DANIEL'S mark was first used in the United States in connection with whiskey in 1866 and has been used in the United States continuously since then, except during the period of national Prohibition. JACK DANIEL'S whiskey is one of the oldest, longest-selling, and most iconic consumer products in the history of the United States.

7. JDPI owns various federal registrations of the JACK DANIEL'S mark for whiskey, prepared alcoholic cocktails, and other goods, including United States Trademark Registration No. 582,789 for the mark JACK DANIEL'S (stylized) for whiskey, United States Trademark Registration No. 1,923,981 for the mark JACK DANIEL'S for whiskey, and United States Trademark Registration No. 1,758,658 for the mark JACK DANIEL'S for cordials. These registrations are valid and subsisting and have become incontestable. Copies of the certificates of registration of these marks are attached hereto as Exhibit 1.

8. JDPI's predecessors-in-interest and licensees have expended many hundreds of millions of dollars advertising and promoting whiskey, prepared alcoholic cocktails, liqueurs, RTD alcoholic beverages, and other goods under the JACK DANIEL'S mark in the print and electronic media, over the Internet, on billboards, on stadium signage, and in a variety of other manners. The print advertising campaign for JACK DANIEL'S whiskey commenced in 1955 and has continued since then, making it one of the longest continuous consumer advertising campaigns in the history of the United States. JACK DANIEL'S whiskey has also been seen and/or mentioned in numerous motion pictures and television programs, and has also received extensive unsolicited public exposure as the unofficial drink of choice of a number of celebrities.

9. JDPI's predecessors-in-interest and licensees have achieved billions of dollars in sales in the United States of whiskey, prepared alcoholic cocktails, liqueurs, RTD alcoholic beverages, and other goods under the JACK DANIEL'S mark. JACK DANIEL'S whiskey is currently the best-selling whiskey in the United States and the JACK DANIEL'S brand has consistently been ranked among the world's most successful and valuable brands. The JACK DANIEL'S mark is famous in the United States for whiskey and prepared alcoholic cocktails and became famous long prior to Counter-Defendants' acts of infringement, unfair competition, and dilution complained of herein.

10. JDPI's predecessors-in-interest and licensees have long advertised and promoted JACK DANIEL'S whiskey and prepared alcoholic cocktails by reference to the historical person Jack Daniel, the founder of the Jack Daniel Distillery in Lynchburg, Tennessee, as "Mr. Jack," "Uncle Jack," "Gentleman Jack," or simply "Jack," and have encouraged consumers of JACK DANIEL'S whiskey, prepared alcoholic cocktails, liqueur, RTD alcoholic beverages, and other goods to feel a personal affinity and friendship with "Jack." The public has long identified and referred to JACK DANIEL'S whiskey and prepared alcoholic cocktails by the mark, name, and "bar call" "Jack," and variants thereof.

11. From a time prior to Counter-Defendants' acts of infringement, unfair competition, and dilution complained of herein, JDPI and its predecessors-in-interest and licensees have used in commerce a variety of marks for alcoholic beverages that have consisted

of or contained the name "Jack," including JACK alone, YOU CAN ASK FOR JACK ANYWHERE, JACK LIVES HERE, BLACK JACK, THE OTHERS DON'T HAVE JACK, THE MELLOWER SIDE OF JACK, UNCLE JACK'S, and GENTLEMAN JACK, have promoted JACK DANIEL'S whiskey and prepared alcoholic cocktails simply as "Jack," and have promoted the consumption of JACK DANIEL'S whiskey in cocktails with names such as "Jack and Coke®," "Jackarita," "Jack and Ginger," "Jack Sour," "Cranberry Jack," and "Vanilla Jack," among others.

12  JDPI owns United States Trademark Registration No. 2,815,221 for the mark JACK for alcoholic beverages, namely whiskey, United States Trademark Registration No. 2,633,168 for the mark YOU CAN ASK FOR JACK ANYWHERE for alcoholic beverages, namely, distilled spirits, United States Trademark Registration No. 2,572,051 for the mark JACK LIVES HERE for alcoholic beverages, namely distilled spirits, United States Trademark Registration No. 1,538,377 for the mark GENTLEMAN JACK for whisky, United States Trademark Registration No. 3,259,938 for the mark BLACK JACK for alcoholic beverages, namely, pre-mixed alcoholic cocktails, and United States Trademark Registration No. 3,305,834 for the mark THE MELLOWER SIDE OF JACK for distilled spirits. These registrations are valid and subsisting and Registrations Nos. 2,815,221, 2,633,168, 2,572,051, 2,737,064, 1,883,860, and 1,538,377 have become incontestable. Copies of the certificates of registration of these marks are attached hereto as Exhibit 2.

13.  The line of prepared alcoholic cocktails sold under the JACK DANIEL'S mark has always included a variety of flavored beverages, many of which have been sold under JACK formative marks such as BLACKBERRY JACK, CITRUS JACK SPLASH, CRANBERRY JACK, BLACK JACK COLA, JACK'S SWEET TEA, and RED-EYED JACK. The line of prepared alcoholic cocktails currently sold under the JACK DANIEL'S mark emphasizes the mark JACK in its packaging. A depiction of the packaging is attached hereto as Exhibit 3. The use of JDPI's JACK DANIEL'S marks has been extended recently from whiskey and prepared alcoholic cocktails into flavored whiskies, with the new product Jack Daniel's Tennessee Honey,

as well as into RTD alcoholic beverages containing cola and ginger flavors. Depictions of those products are attached hereto as Exhibit 4.

**Counter-Defendants' Infringement and Dilution of the JACK DANIEL'S and JACK Marks**

14. According to Counter-Defendants' Complaint, Mark Anthony produces, and AVBI has begun the distribution in the United States of, a margarita-flavored prepared alcoholic cocktail under the mark CAYMAN JACK, as shown in the Complaint. Upon information and belief, the product is intended by Counter-Defendants to compete with, is competing with, and will continue to compete with, the prepared alcoholic cocktails, liqueurs, and RTD alcoholic beverages sold under JDPI's JACK DANIEL'S and JACK marks, and is and will be sold through the same or similar channels of trade to the same or similar classes of consumers as the alcoholic beverages sold under JDPI's JACK DANIEL'S and JACK marks. Upon information and belief, the Cayman Jack product is relatively inexpensive and is unlikely to be purchased with a significant degree of care.

15. Upon information and belief, Mark Anthony has not developed a character, and there is no character, human or animated, real or fictional, known as, or visually or otherwise identified as "Cayman Jack," in connection with the product. Upon information and belief, the reptile character shown on the packaging for the product is not known or identified as, or intended by Mark Anthony or AVBI to be known or identified as, "Cayman Jack."

16. Upon information and belief, the word mark CAYMAN JACK will be the primary "bar call" for the product in connection with on-premise consumption, as well as the means by which distributors, retailers, and consumers will identify the product generally in word-of-mouth and non-illustrated menu references to the product, in both on-premise and off-premise channels of consumption.

17. Counter-Defendants' continued use of the CAYMAN JACK mark in connection with its RTD product is likely to cause purchasers and prospective purchasers of the goods to believe mistakenly that they originate with, or are licensed, authorized, or sponsored by, the owner of the JACK DANIEL'S and other JACK formative marks, and/or that there is a business

relationship, affiliation, connection, or association, between Counter-Defendants and the owner of the JACK DANIEL'S and other JACK formative marks.

### FIRST CLAIM FOR RELIEF

### (Infringement of Federally-Registered Trademarks)

18. JDPI repeats and realleges the allegations in preceding paragraphs 1-17 as if fully set forth herein.

19. Counter-Defendants' unauthorized manufacture, advertisement, promotion, shipment, offering for sale, sale, and distribution of the CAYMAN JACK product as aforesaid constitute the use in commerce, on or in connection with Counter-Defendants' goods, of reproductions, copies, or colorable imitations of JDPI's federally-registered trademarks JACK DANIEL'S and JACK, which use is likely to cause confusion, to cause mistake, or to deceive, in violation of § 32(1) of the United States Trademark Act, 15 U.S.C. § 1114(1).

20. Counter-Defendants' infringement of JDPI's federally-registered trademarks as aforesaid has caused and continues to cause irreparable harm to JDPI.

21. Unless restrained and enjoined by this Court, Counter-Defendants will persist in their infringement of JDPI's federally-registered trademarks, thereby causing JDPI further irreparable harm.

22. JDPI has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

### (Unfair Competition in Violation of Federal Law)

23. JDPI repeats and realleges the allegations in preceding paragraphs 1-17 as if fully set forth herein.

24. JDPI's unauthorized manufacture, advertisement, promotion, shipment, offering for sale, sale, and distribution of the CAYMAN JACK product as aforesaid constitute the use in commerce, on or in connection with Counter-Defendants' goods, of words, terms, names, symbols, or devices, or combinations thereof, and false designations of origin, and false or misleading descriptions or representations of fact, that are likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Counter-Defendants

with JDPI, and/or as to the origin of Counter-Defendants' goods and commercial activities with, or their sponsorship or approval by, JDPI, in violation of § 43(a)(1)(A) of the United States Trademark Act, 15 U.S.C. § 1125(a)(1)(A).

25. Counter-Defendants' unfair competition as aforesaid has caused and continues to cause irreparable harm to JDPI.

26. Unless restrained and enjoined by this Court, Counter-Defendants will persist in their unfair competition, thereby causing JDPI further irreparable harm.

27. JDPI has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Dilution in Violation of Federal Law)

28. JDPI repeats and realleges the allegations in preceding paragraphs 1-17 as if fully set forth herein.

29. Counter-Defendants' unauthorized manufacture, advertisement, promotion, shipment, offering for sale, sale, and distribution of the CAYMAN JACK product as aforesaid is likely to cause dilution by blurring of JDPI'S famous and distinctive JACK DANIEL'S mark, which mark became famous in the United States long before Counter-Defendants began the use of the CAYMAN JACK mark.

30. Counter-Defendants' dilution as aforesaid has caused and continues to cause irreparable harm to JDPI.

31. Unless restrained and enjoined by this Court, Counter-Defendants will persist in their dilution, thereby causing JDPI further irreparable harm.

32. JDPI has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff JDPI prays for a judgment as follows:

1. Dismissing Counter-Defendants' declaratory judgment Complaint with prejudice;

2. That Counter-Defendants Mark Anthony and AVBI, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with

them, or any of them, who receive actual notice of the injunction prayed for herein by personal service or otherwise, be permanently restrained and enjoined from:

    (a)    Manufacturing, advertising, promoting, shipping, offering for sale, selling, or distributing the CAYMAN JACK ready-to-drink product depicted in Counter-Defendants' declaratory judgment Complaint;

    (b)    Using the mark CAYMAN JACK in connection with any other alcoholic beverage;

    (c)    Using the domain name "caymanjack.com" in connection with the manufacture, advertisement, promotion, shipment, offering for sale, sale, or distribution of any alcoholic beverages;

    (d)    Using JDPI's marks JACK DANIEL'S and JACK or colorable imitations of those marks, and any marks or names confusingly similar thereto, on or in connection with the manufacture, advertisement, promotion, offering for sale, sale, or distribution of any alcoholic beverages;

    (e)    Maintaining the registration of the domain name "caymanjack.com;" and

    (f)    Doing any other act or thing that is likely to cause persons to believe that Counter-Defendants goods or commercial activities originate with, or are licensed, sponsored, or authorized by, JDPI;

3.    That Counter-Defendants be ordered, pursuant to 15 U.S.C. § 1116, to assign to JDPI the registration of the "caymanjack.com" domain name;

4.    That Counter-Defendants be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and to serve on counsel for JDPI, within 30 days after the entry of judgment herein, a written report under oath setting forth in detail the manner in which they have complied with the injunction ordered by the Court;

5.    That Counter-Defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the CAYMAN JACK mark and/or the domain name "caymanjack.com," and all plates, molds, matrices, and other means of making the same**;**

6.      That Counter-Defendants be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to JDPI all of their profits from the sale of goods under the CAYMAN JACK mark;

7.      That Counter-Defendants be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to JDPI all damages sustained by JDPI as a result of Counter-Defendants' infringement of JDPI's marks and unfair competition;

8.      That Counter-Defendants be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to JDPI its attorneys' fees and the costs of this action; and

9.      That JDPI be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HARVEY SISKIND LLP
D. Peter Harvey
Matthew A. Stratton

SEYFARTH SHAW LLP
Christopher C. Larkin
Eugene S. Suh

Dated: June 20, 2012                    By:      /s/ Christopher C. Larkin
                                                 Christopher C. Larkin
                                                 Attorneys for Defendant and Counterclaimant
                                                 JACK DANIELS PROPERTIES, INC.