Robert N. Phillips (SBN 120970)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone:     415 543 8700
Facsimile:     415 391 8269
Email:  robphillips@reedsmith.com

David H. Bernstein (*admitted pro hac vice*)
Jyotin Hamid (*admitted pro hac vice*)
Ashley E. Kelly (*admitted pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:     212 909 6696
Facsimile      212 521 7696
Emails:  dhbernstein@debevoise.com
        jhamid@debevoise.com
        aekelly@debevoise.com

Attorneys for Plaintiffs
MARK ANTHONY INTERNATIONAL, SRL
and AMERICAN VINTAGE BEVERAGE, INC.

Christopher C. Larkin (SBN 119950)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219
Email: clarkin@seyfarth.com

D. Peter Harvey (SBN 55712)
Matthew A. Stratton (SBN 254080)
HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone:  (415) 354-0100
Facsimile:   (415) 391-7124
Emails: pharvey@harveysiskind.com
         mstratton@harveysiskind.com

Attorneys for Defendant
JACK DANIEL'S PROPERTIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTHONY INTERNATIONAL, SRL, a Barbados corporation, and AMERICAN VINTAGE BEVERAGE, INC., a Delaware corporation, <br><br>        Plaintiffs and        Counterclaim-Defendants, <br><br> v. <br><br> JACK DANIEL'S PROPERTIES, INC., a Delaware corporation, <br><br>      Defendant and      Counterclaim-Plaintiff. | Case No. C 12-2105 RS <br><br><br> **JOINT CASE MANAGEMENT STATEMENT** |

1       Plaintiffs and counterclaim-defendants Mark Anthony International, SRL ("Mark Anthony") and

2  American Vintage Beverage, Inc. ("AVBI") (collectively, "Plaintiffs") and defendant and

3  counterclaimant Jack Daniels Properties, Inc. ("Defendant" or "JDPI") hereby submit this Joint Case

4  Management Statement.

5       **1.     Jurisdiction and Service**

6       The Court's jurisdiction over the parties' claims and counterclaims is based upon 15 U.S.C.

7  §§ 1114(1), 1121, 1125(a)(1), and 1125(c) (various claims arising under trademark law), 28 U.S.C.

8  §1331 (federal question) and 28 U.S.C. §1338(a) (any Act of Congress relating to trademarks). No

9  issues exist regarding subject matter jurisdiction, personal jurisdiction or venue, and no party remains

10  to be served.

11       **2.     Facts**

12       Mark Anthony produces a margarita-flavored ready-to-drink ("RTD") malt beverage under

13  the mark CAYMAN JACK. AVBI has been distributing CAYMAN JACK in the United States since

14  December 2010. JDPI, through its predecessors-in-interest and licensees, has for many years used

15  the JACK DANIEL'S mark and other JACK-formative marks in connection with whiskey, cordials,

16  prepared alcoholic cocktails, liqueurs, RTD alcoholic beverages, and other goods and services.

17       On October 16, 2009, Mark Anthony applied to register the CAYMAN JACK mark with the

18  United States Patent and Trademark Office ("PTO") in Class 32 for "flavored brewed malt-based

19  alcoholic beverages in the nature of beer" and in Class 33 for "prepared alcoholic cocktail," as shown

20  in App. Serial No. 77/850,939. On March 9, 2010, the PTO approved the CAYMAN JACK

21  trademark application and published the application in the *Official Gazette of the United States*

22  *Patent and Trademark Office.* On September 3, 2010, JDPI filed *Jack Daniel's Properties, Inc. v.*

23  *Mark Anthony International SRL*, Opposition No. 91196371, before the Trademark Trial and Appeal

24  Board ("TTAB") opposing registration of Mark Anthony's trademark application and citing its prior

25  JACK DANIEL'S and other JACK-formative registrations (the "TTAB Action"). On April 3, 2012,

26  the parties stipulated to suspend the opposition proceeding pending the resolution of the proceeding

27  now before the Court.

JOINT CASE MANAGEMENT STATEMENT                       Case No. C 12-2105 RS

**3.   Legal Issues**

Mark Anthony and AVBI seek a declaratory judgment that their use of CAYMAN JACK on margarita-flavored RTD malt beverages does not infringe JDPI's JACK DANIEL'S and other JACK-formative marks, and that Mark Anthony's application to register CAYMAN JACK with the United States Patent and Trademark Office should be allowed.  JDPI has answered the declaratory judgment complaint, denying the charging allegations, and has counterclaimed for infringement, unfair competition and dilution under the Lanham Act.  The primary legal issues involved in this case are therefore expected to include (i) whether Mark Anthony's and AVBI's advertising, distribution and sale of CAYMAN JACK margarita-flavored RTD malt beverages is likely to cause confusion, mistake or deception as to the source of CAYMAN JACK beverages or their affiliation, connection or association with, or sponsorship or approval by, JDPI and its JACK DANIEL'S and JACK-formative marks for whiskey, prepared alcoholic cocktails, liqueurs, and RTD alcoholic beverages, (ii) whether Mark Anthony's and AVBI's advertising, distribution and sale of CAYMAN JACK margarita-flavored RTD malt beverages is likely to cause dilution by blurring of JDPI's JACK DANIEL'S mark, and (iii) whether the PTO should reject JDPI's opposition and allow Mark Anthony's trademark Application Serial No. 77/850,939 to proceed to registration, or whether the Court must permit the TTAB to decide what impact a finding by this Court of a likelihood of confusion or of no likelihood of confusion will have on the outcome of the TTAB Action.

**4.   Motions**

No motions have been filed and currently no motions are pending.

To the extent that dispositive motions may be appropriate later in the case, the parties have built time for the same into the proposed case schedule (*see* Item No. 17, below).

**5.   Amendment of Pleadings**

At this time, the parties are not aware of any anticipated additions to, or dismissals of, parties, claims, or defenses.

JOINT CASE MANAGEMENT STATEMENT                                    Case No. C 12-2105 RS

**6.     Evidence Preservation**

The parties have taken appropriate steps to preserve and protect documents and electronically stored information potentially relevant to this dispute from modification or loss.

**7.     Disclosures**

JDPI and Mark Anthony previously exchanged initial disclosures in the TTAB Action and agree that the previous disclosures can be used in this action.  Those parties also agree to supplement those initial disclosures to reflect all applicable areas of disclosure under Fed. R. Civ. P. 26(a), on or before July 26, 2012, per the Court's Scheduling Order.  AVBI will make its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), on or before July 26, 2012, per the Court's Scheduling Order.

**8.     Discovery**

As of the submission of this Statement to the Court, no discovery has been taken in this action. However, the parties previously exchanged discovery requests and responses, and produced documents, in the TTAB Action.  The parties agree that discovery taken in the TTAB Action can be used in this action as if the requests were promulgated, and the responses issued, in this action (though not counting towards any discovery request limits in this matter).  The parties anticipate that additional discovery shall be taken in accordance with the scope and procedures permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court.

In accordance with Fed. R. Civ. P. 26(f), the parties propose the following discovery plan:

(A)     The parties will exchange any necessary supplement to their initial disclosures, as provided above, on or before July 26, 2012.  The parties agree to exchange written expert and pretrial disclosures according to the schedule set forth in Item No. 17 below.

(B)     Except as may be modified by agreement of the parties or order of the Court, discovery will be needed on all claims and defenses stated in the pleadings, and is expected to encompass at least the following issues (i) Plaintiffs' use of the CAYMAN JACK mark on their margarita-flavored RTD malt beverage, (ii) the extent to which Defendant's JACK DANIEL'S and JACK-formative marks are strong and are widely recognized by the general consuming public of the United States as a designation of source of the goods

or services of Defendant, (iii) the extent to which JDPI's JACK DANIEL'S mark and other JACK-formative marks are already coexisting with other trademarks for beverages containing the word JACK, including through co-existence and settlement agreements including PANAMA JACK and CALICO JACK for rums; CACTUS JACK for tequila; PAPA JAC for alcoholic cocktails; YUKON JACK for liqueur; SCRUMPY JACK for cider; DEADEYE JACK, THIRSTY JACK, BLACK JACK STOUT, JACK RABBIT PALE ALE and JACK'S PUMPKIN SPICE ALE for malt beverages; HONEYJACK for mead and hydromel; and BLACKJACK PASTURE, JUMPIN JACK and BLACKJACK WINES for wines (these issues may involve third-party discovery); (iv) the likelihood of confusion, if any, between the parties' respective marks and products, (v) the likelihood of dilution by blurring, if any, of Defendant's JACK DANIEL'S mark caused by Plaintiffs' use of the CAYMAN JACK mark on their margarita-flavored RTD malt beverage, and (vi) and information relevant to damages and other forms of equitable and legal remedies.

(C)     The parties are preparing a Stipulated Protective Order modeled after the Northern District's Stipulated Protective Order for Standard Litigation and intend to submit it to the Court for approval shortly.

(D)     At this time, the parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Civil Local Rules. The parties have agreed, however, that either of them may propose a change at a later time if it deems necessary.

(E)     At this time, the parties do not have any other suggested orders that the Court should issue under Fed. R. Civ. P. 26(c) or under Fed. R. Civ. P. 16(b) and (c).

**9.     Class Actions**

This litigation is not a class action.

JOINT CASE MANAGEMENT STATEMENT                    Case No. C 12-2105 RS

1    **10.    Related Cases**

2    *Mark Anthony International SRL and American Vintage Beverage, Inc. v. Jack Daniel's*

3    *Properties, Inc.* Case No. 12-cv-00477, United States District Court for the District of Connecticut.  This

4    case, filed on March 28, 2012, is the predecessor to the instant action and concerned substantially the

5    same parties and issues.  A dispute over whether the District of Connecticut could exercise personal

6    jurisdiction over Defendant prompted Plaintiffs to voluntarily dismiss that case and file the present one

7    in the Northern District of California (*See* Dkt. 7).

8    *Jack Daniel's Properties, Inc. v. Mark Anthony International SRL*, Opposition No. 91196371

9    (TTAB).  This trademark opposition proceeding, filed September 3, 2010, concerns Mark Anthony's

10   application to register its CAYMAN JACK mark (App. Serial No. 77/850,939).  On April 3, 2012, the

11   parties stipulated to suspend the opposition proceeding pending the resolution of this proceeding.

12   **11.    Relief**

13   Plaintiffs seek a declaratory judgment of non-infringement and an order directing the USPTO to

14   dismiss the JDPI's Opposition and register the CAYMAN JACK mark.  Defendant seeks dismissal of

15   Plaintiffs' declaratory relief action with prejudice, injunctive relief prohibiting Plaintiffs' use and

16   registration of the CAYMAN JACK mark and the caymanjack.com domain name, as well as monetary

17   relief including Defendant's damages, Plaintiffs' profits, and Defendant's attorneys' fees and litigation

18   costs (should the case be deemed exceptional), as provided for in Section 35 of the Lanham Act, 15

19   U.S.C. § 1117.

20   **12.    Settlement and ADR**

21   The parties have engaged in settlement discussions.  However the discussions have not yet

22   resulted in a final resolution of the dispute.

23   Plaintiffs request that a settlement conference be held after discovery is concluded before

24   Magistrate Judge Joseph C. Spero, subject to his availability.  Given that settlement discussions have

25   been ongoing since May 2010 and the parties have been unable to reach agreement, Plaintiffs believe

26   that mediation or a settlement conference will be unproductive at this time.  Rather, Plaintiffs believe the

27   best prospect for settling this case will exist after they have been able to take the depositions of

JOINT CASE MANAGEMENT STATEMENT                                          Case No. C 12-2105 RS

1   Defendant's witnesses and after the parties exchange their expert reports (since consumer perception

2   surveys showing confusion or the lack thereof can be critical evidence in infringement cases like this

3   one).

4       Defendant believes that either private mediation or a Court-sponsored early settlement

5   conference within the next ninety (90) days will be productive toward achieving a final settlement.  This

6   is because the parties have already exchanged settlement proposals, circulated a draft settlement

7   agreement, and continue to negotiate the provisions that divide the parties.  Before the parties commit to

8   the significant expense and distraction associated with months of discovery, Defendant believes it would

9   be worthwhile to work with a neutral to try to resolve the parties' remaining differences.  Defendant

10  requests that should the Court order an early settlement conference, that such conference be held before

11  Magistrate Judge Joseph C. Spero, subject to his availability.

12      **13.    Consent to Magistrate Judge for All Purposes**

13      The parties do not both consent to proceed before a Magistrate Judge for all purposes.

14      **14.    Other References**

15      This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel

16  on Multidistrict Litigation.

17      **15.    Narrowing of Issues**

18      At this time, the parties are not aware of any issues in this case that can be narrowed by

19  agreement or by motion.  The parties will re-visit whether they can stipulate to some facts and/or legal

20  issues prior to trial.

21      **16.    Expedited Schedule**

22      The parties do not believe that this case could be handled on an expedited basis with streamlined

23  procedures.

24      **17.    Scheduling**

25      Plaintiffs propose the following schedule (taking into account that the parties already have

26  engaged in extensive fact discovery in the TTAB Action, and that Defendant has been slow to respond in

27

JOINT CASE MANAGEMENT STATEMENT                                    Case No. C 12-2105 RS

1 | settlement discussions, causing Plaintiffs to believe that a schedule that moves this case along promptly
2 | will be most effective at focusing the parties on whether settlement is appropriate in this case):

3 |     a.    Lay discovery cutoff: <u>November 9, 2012</u> (Friday)

4 |     b.    Designation of experts: <u>November 16, 2012</u> (Friday)

5 |     c.    Designation of rebuttal experts:  <u>December 17, 2012</u> (Monday)

6 |     d.    Expert discovery cutoff:  <u>January 18, 2013</u> (Friday)

7 |     e.    Last day to file dispositive motions:  <u>February 1, 2013</u> (Friday)

8 |     f.    Pretrial disclosures:  <u>March 1, 2013</u> (Friday)

9 |     g.    Pretrial conference: <u>March 22, 2013</u> (Friday)

10 |     h.    Trial: <u>April 22, 2013</u> (Monday)

11 |     Defendant proposes the following due dates (taking into account that the prior discovery taken in
12 | the TTAB Action concerned only the registrability of the CAYMAN JACK mark and not the broader,
13 | use-related issues critical here and the extensive third-party discovery contemplated by Plaintiffs in
14 | Section 8(B)(iii) of this Statement, and to allow the parties to participate in an early ADR process and
15 | continue to negotiate a settlement):

16 |     a.    Lay discovery cutoff: <u>January 31, 2013</u> (Thursday).

17 |     b.    Designation of experts: <u>February 15, 2013</u> (Friday).

18 |     c.    Designation of rebuttal experts: <u>March 1, 2013</u> (Friday).

19 |     d.    Expert discovery cutoff: <u>March 15, 2013</u> (Friday).

20 |     e.    Last day to file dispositive motions: <u>March 29, 2013</u> (Friday).

21 |     f.    Pretrial disclosures: <u>April 26, 2013</u> (Friday).

22 |     g.    Pretrial conference: <u>May 9, 2013</u> (Thursday).

23 |     h.    Trial: <u>June 10, 2013</u> (Monday).

24 | **18.    Trial**

25 |     The parties anticipate a one-week trial.  No party has demanded a jury trial.

26 |

27 |

JOINT CASE MANAGEMENT STATEMENT             Case No. C 12-2105 RS

**19.     Disclosure of Non-Party Interested Entities or Persons**

The parties have each filed their Certification of Interested Entities or Persons required by Civil Local Rule 3-16.

Plaintiffs' Statement:  Pursuant to Civil L.R. 3-16, Plaintiffs Mark Anthony International, SRL and American Vintage Beverage, Inc. hereby certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Anthony von Mandl – indirect shareholder of both plaintiffs.

Pelecanus Holdings Ltd. – indirect parent of both plaintiffs.

Defendant's Statement:  Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Jack Daniel's Properties, Inc. is a wholly-owned subsidiary of Brown-Forman Corporation, a publicly-traded corporation.

**20.     Other Matters**

The parties have no other matters to address in this paper.

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT                                        Case No. C 12-2105 RS

Dated: July 26, 2012

Respectfully submitted,                          Respectfully submitted,

By: _____/s/_____                            By: _____/s/_____
      Robert N. Phillips                                Christopher C. Larkin

ROBERT N. PHILLIPS (SBN 120970)                  CHRISTOPHER C. LARKIN (SBN 119950)
REED SMITH LLP                                    SEYFARTH SHAW LLP
101 Second Street, Suite 1800                     2029 Century Park East, Suite 3500
San Francisco, CA 94105                           Los Angeles, CA 90067-3021
Telephone:    (415) 543-8700                      Telephone: (310) 277-7200
Facsimile:    (415) 391-8269                      Facsimile: (310) 201-5219
Email: robphillips@reedsmith.com                  Email: clarkin@seyfarth.com

And                                               And
DAVID H. BERNSTEIN (*pro hac vice*)              D. PETER HARVEY (SBN 55712)
JYOTIN HAMID (*pro hac vice*)                    MATTHEW A. STRATTON (SBN 254080)
ASHLEY E. KELLY (*pro hac vice*)                 HARVEY SISKIND LLP
DEBEVOISE & PLIMPTON                              Four Embarcadero Center, 39th Floor
919 Third Avenue                                  San Francisco, CA 94111
New York, NY 10022                                Telephone:    (415) 354-0100
Telephone:    (212) 909-6696                      Facsimile:    (415) 391-7124
Facsimile:    (212) 521-7696                      Emails: pharvey@harveysiskind.com
Emails: dhbernstein@debevoise.com                        mstratton@harveysiskind.com
        jhamid@debevoise.com
        aekelly@debevoise.com                     Attorneys for Defendant and Counterclaim-
                                                  Plaintiff JACK DANIELS PROPERTIES,
Attorneys for Plaintiffs and Counterclaim-        INC
Defendants MARK ANTHONY
INTERNATIONAL, SRL and AMERICAN
VINTAGE BEVERAGE, INC.


        I, D. Peter Harvey, am the ECF User whose identification and password are being used to file

this document.  Pursuant to General Order 45.X.B, I hereby attest that counsel for all parties

concurred in this filing.

                                                  _____/s/_____
                                                     D. Peter Harvey

JOINT CASE MANAGEMENT STATEMENT                                          Case No. C 12-2105 RS